Lin v. Sessions

BIA
Loprest, IJ
A205 217 368

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
 *Chief Judge,*
REENA RAGGI,
SUSAN L. CARNEY,
 *Circuit Judges.*

_____

WEN TAO LIN,
 *Petitioner,*

v.         16-2670
          NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:  Mona Liza F. Lao, Esq., New York, New York.

FOR RESPONDENT:  Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad,

Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Tao Lin, a native and citizen of the People's Republic of China, seeks review of a July 13, 2016 decision of the BIA affirming a June 10, 2015 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Wen Tao Lin,* No. A205 217 368 (B.I.A. July 13, 2016), *aff'g* No. A205-217-368 (Immig. Ct. N.Y.C. June 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The agency denied relief on three grounds: Lin's asylum application was time barred; Lin was not credible; and Lin did not independently establish that Catholics in his home province of Fujian are persecuted.  Lin

2

does not challenge the well-founded fear determination, and the time-bar ruling was largely based on Lin's lack of credibility. Thus, we reach only the adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (stating that issues not sufficiently argued in opening brief are deemed waived).

We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," inconsistencies between an applicant's testimony and his witness's testimony, and discrepancies between an applicant's testimony and asylum application, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

Substantial evidence here supports the adverse credibility

determination, which was based on several discrepancies between Lin's testimony, asylum application, and his witness's testimony, as well as Lin's demeanor on cross-examination and lack of candor regarding a 2005 U.S. visa application. Lin challenges only two of the agency's findings. As discussed below, the two challenged inconsistencies are supported by the record, and, in any event, the unchallenged findings stand as valid bases for the adverse credibility ruling. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008) (holding that petitioner waived challenge to grounds for adverse credibility ruling that were not raised in brief, which independently supported credibility determination).

First, the agency reasonably relied on a discrepancy between Lin's testimony and application regarding an injury he sustained during his April 2011 detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." (emphasis in original) (internal quotation marks omitted)). Lin's application specified that after being beaten in detention, his mouth was "broken and bleeding."

4

Certified Administrative Record ("CAR") at 238. But Lin omitted that information during his testimony. When confronted with this discrepancy, Lin replied that the injury had healed by the end of his detention. A reasonable adjudicator would not have been compelled to accept this explanation, as Lin initially thought the injury substantial enough to include it in his application. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, Lin challenges the IJ's reliance on two inconsistencies between his and his witness's descriptions of the Good Friday service at the church he attends in the United States. Lin testified that the Good Friday service was held indoors and that the church looked as it normally did. His witness, a vicar at the church, however, testified that part of the Good Friday service—the Stations of the Cross—involved going outside the church and then back inside and that, on Good Friday, the cross inside the church was covered in a purple cloth. Lin argues that there is no inconsistency because the

5

Stations of the Cross is separate from the Good Friday mass, and that he was referencing the latter.[1]  Lin also argues that, as a layperson, he should not be expected to identify the religious significance of church decorations such as the purple cloth.  These arguments fail because the agency was not required to accept Lin's explanation for not identifying the outdoor nature of part of the Good Friday service.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.  Further, Lin was not asked about the religious significance of the purple cloth; he was merely asked whether he noticed any changes in the church's decorations.  These discrepancies go to whether Lin attended church as he claimed, and the resulting adverse credibility determination thus did not rely upon any lack of doctrinal knowledge.

Lin does not challenge the agency's adverse credibility findings as to the date he was terminated from his job in China, his failure to disclose a prior attempt to come to the United States, or his demeanor during his hearing testimony. Considered cumulatively, the discrepancies identified by the

---

[1] We assume that Lin used "mass" to reference the Celebration of the Lord's Passion conducted in Catholic churches on Good Friday because mass is not offered in Catholic churches on that day.  *See Eighteen Questions on the Paschal Triduum*, United States Conference of Catholic Bishops, http://www.usccb.org/prayer-and-worship/liturgical-year/triduum/questions-and-answers.cfm (last visited Feb. 27, 2018).   The point does not affect our review.

agency, both challenged and not, provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Because Lin's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, this ruling is dispositive as to all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7